cc: SASP + filer

ORIGINAL

Page one of 3

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 20 2026

at 8 o'clock and 30 min. P M
Lucy H. Carrillo, Clerk

Gym Birthdaysuit III
431 Kuwili St.
Hon. HI. 96817
808 404 5038
kingofswords5090@gmail.com

IN THE UNITED STATES DISTRICT COURT
District of Hawaii
Case: 1:25 cv 00225 SASP RT

Gym Birthdaysuit III
Plaintiff / Pro Se

CEO of Oceanit
Defendant

1. PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS
2. EXHIBITS A—-B
3. CLAIRIFICATIONS

1. MEMORANDUM INTRODUCTION

Plaintiff respectfully submits this Memorandum in opposition to Defendant, CEO of Oceanit's Motion to Dismiss with Prejudice.Defendant's motion is a vexatious attempt to terminate this action before the settlement conference, not because Plaintiff's claims lack merit, but because Defendant seeks to avoid accountability for serious constitutional violations. Plaintiff alleges that a uniformed Oceanit security guard unlawfully seized his personal property. An aviary containing 12 exotic birds. His surrogate family since the death of his spouse—and carried them into Oceanit' corporate headquarters, where the CEO allowed the stolen birds to remain for months. During that time 11 of the 12 birds starved to death. These were not replaceable objects; they were Plaintiff's sole companions since the 2016 death of his spouse. Including the two Golden Mantle Roselles he painstakingly trained to say "ALOHA". A unique bond that cannot be replicated.

Exhibits A & B show the types of birds and some sample prices.

Plaintiff became emotionally attached to his birds, as happens to most pet owners. They became companions and when they are gone they are missed..

ARGUMENT

A. Plaintiff States a Valid Fourth Amendment Claim for Unlawful Seizure

arbitrary conduct. Although.Oceanit is a private corporation, it acted under the color of state–law. By jointly participating with HPD in the seizure and retention of Plaintiff"s birds. These alligators state a classic procedural and substantive due=process violation.

I. When The Defendant had every opportunity to call the humane society or to simply release them if he did not want to feed them.
II. Instead the defendant chose to starve them to death
III. Plaintiff is suing the CEO of Ocaenit personally and in his official capacities. As the corporate decision maker.

5. Damages
   1. Deliberate infliction of emotional stress, distress and grief.
   2. Loss of property
   3. Loss of companionship
   4. Out of pocket costs
   5. Court costs
   6.

CONCLUSION

Plaintiff continues to experience emotional harm in 2026 as a result of the cold-hearted and senseless cruelty inflicted on his helpless caged pets. With less intensity but the harm is ongoing. The plaintiff tries not to think about it. . .

. Oceanit's CEO enabled the cruelty to go on for months..

Oceanit is an active federal contractor with ongoing obligations to the U. S. government, including a Department of Transportation SBIR Phase II contract and a Conciliation Agreement with the U.S. Department of Labor's OFCCP. These federal obligations support Plaintiff's position that Oceanit's CEO and its employees acted under color of law when they seized and retained Plaintiff's property.

Defendants statute-of-limitations argument fails because Plaintiff could not have brought this action in 2018. The HPD officer who responded refused to produce a theft report, refused to retrieve the stolen birds and refused to intervene. Plaintiff was never provided the identity of the thief or the corporate entity responsible for retaining his personal property.. Without the thief's identity Plaintiff had no practical or legal ability to initiate a civil action. The limitations period cannot begin because the trauma did not end in 2018.

Exhibits A & B document the birds taken, their value and the emotional bond Plaintiff had with them.

   7.

arbitrary conduct. Although.Oceanit is a private corporation, it acted under the color of state–law. By jointly participating with HPD in the seizure and retention of Plaintiff"s birds. These alligators state a classic procedural and substantive due=process violation.

I. When The Defendant had every opportunity to call the humane society or to simply release them if he did not want to feed them.
II. Instead the defendant chose to starve them to death
III. Plaintiff is suing the CEO of Ocaenit personally and in his official capacities. As the corporate decision maker.

5. Damages
1. Deliberate infliction of emotional stress, distress and grief.
2. Loss of property
3. Loss of companionship
4. Out of pocket costs
5. Court costs
6.

CONCLUSION

Plaintiff continues to experience emotional harm in 2026 as a result of the cold-hearted and senseless cruelty inflicted on his helpless caged pets. With less intensity but the harm is ongoing. The plaintiff tries not to think about it. . .

. Oceanit's CEO enabled the cruelty to go on for months..

Oceanit is an active federal contractor with ongoing obligations to the U. S. government, including a Department of Transportation SBIR Phase II contract and a Conciliation Agreement with the U.S. Department of Labor's OFCCP. These federal obligations support Plaintiff's position that Oceanit's CEO and its employees acted under color of law when they seized and retained Plaintiff's property.

Defendants statute-of-limitations argument fails because Plaintiff could not have brought this action in 2018. The HPD officer who responded refused to produce a theft report, refused to retrieve the stolen birds and refused to intervene. Plaintiff was never provided the identity of the thief or the corporate entity responsible for retaining his personal property.. Without the thief's identity Plaintiff had no practical or legal ability to initiate a civil action. The limitations period cannot begin because the trauma did not end in 2018.

Exhibits A & B document the birds taken, their value and the emotional bond Plaintiff had with them.

Submitted with all due respect,
January 20, 2026
Gym Birthdaysuit III