MINUTE ORDER

CASE NUMBER: 1:25-cv-00225-SASP-RT

CASE NAME: *Birthdaysuit v. State of Hawaii et al*

JUDGE: Shanlyn A. S. Park DATE: 05/04/2026

COURT ACTION: **EO: GRANTING DEFENDANT OCEANIT CEO'S MOTION TO DISMISS AMENDED COMPLAINT FOR A CIVIL ACTION [ECF No. 64.]**

Before this Court is Defendant Chief Executive of Oceanit Patrick K. Sullivan's ("Oceanit CEO") Motion to Dismiss Amended Complaint for a Civil Action ("Motion").[1] [ECF No. 64.] For the reasons set forth here, Oceanit CEO's Motion is GRANTED.

On August 20, 2025, Plaintiff Gym Birthdaysuit III ("Plaintiff") filed a First Amended Complaint ("FAC"), suing multiple defendants, including Oceanit CEO. [ECF No. 21.] In his FAC, Plaintiff alleges that his claim(s) against Oceanit CEO stem from a 2018 incident involving an Oceanit security guard purportedly stealing eleven (11) birds from Plaintiff, outside of an Oceanit building located in Honolulu. [*See id.* at PageID.60, 62–63.] Plaintiff alleges that he "called the police" and "one [police officer] arrived[,] [b]ut he conspired to aid and abet the theft by refusing to retrieve [Plaintiff's] birds," thereby "den[ying] [Plaintiff] equal protection under the law." [*Id.* at PageID.60.] Plaintiff further alleges that ten (10) of the stolen birds died of starvation while in Oceanit's possession, and the sole surviving bird was eventually returned to Plaintiff "only after [another Oceanit security guard] was fed up with cleaning up the urine [and] feces [Plaintiff] was dumping in [the Oceanit building's] lobby . . . [a]s a nonviolent protest." [*See id.* at PageID.62–63.] Plaintiff alleges that Oceanit CEO is vicariously liable for (1) his employee's deprivation of Plaintiff's property "without due process or compensation" in violation of Plaintiff's rights under the Fourth and Fourteenth

[1] The Court finds these matters suitable for disposition without a hearing pursuant to LR7.1 of the Local Rules of Practice for the United States District Court for the District of Hawaiʻi ("Local Rules").

Amendments to the United States Constitution; and (2) Plaintiff's resulting "emotional distress & grief." [*Id.* at PageID.62–63.] Plaintiff seeks "a remedy of $5,000 compensatory [and] $5,000 punitive damages" against Oceanit CEO, "[a]s well as court costs." [*Id.* at PageID.63.]

On November 19, 2025, Oceanit CEO filed the instant Motion pursuant to Rules 7 and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), seeking dismissal of Plaintiff's claims with respect to him. [ECF No. 64.] Therein, Oceanit CEO argues that Plaintiff's "claims fail because (i) he alleges no 'state action' to sustain a constitutional violation, and (ii) even if he alleged state action, his claims against [Oceanit CEO], based on actions occurring in 2018, would be barred by Hawaii's two-year statute of limitations applicable to tort claims." [*Id.* at PageID.206.]

In oppositions filed on December 11 and 19, 2025, Plaintiff asserts that the FAC adequately alleges joint action and/or inaction between Oceanit and the Honolulu Police Department ("HPD") to sustain a 42 U.S.C. § 1983 claim against Oceanit CEO; and that Oceanit CEO is also separately liable for the conduct of his employees, for violating Plaintiff's constitutional rights. [*See* ECF Nos. 67 and 68.] Plaintiff does not contest that his Section 1983 claim(s) against Oceanit CEO (and others) are subject to the applicable two-year statute of limitations, instead, he asserts that the applicable two-year limitations period should be equitably tolled based on "delayed discovery," namely, Oceanit CEO's alleged concealment of the identity of the Oceanit security guard involved in the 2018 incident. [*See* ECF No. 67 at PageID.216–17.]

As a preliminary matter, in reviewing the operative pleading, this Court finds that the FAC fails to provide a basis for this Court's subject matter jurisdiction over Plaintiff's claim against Oceanit CEO, a private individual. *See* N*aruto v. Slater*, 888 F.3d 418, 423 n.5 (9th Cir. 2018) (federal courts have a "duty to examine *sua sponte* whether jurisdiction exists, regardless how the parties have framed their claims") (citing *Gonzales v. Thaler*, 565 U.S. 134, 141 (2012))).

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The Court may dismiss a complaint *sua sponte* for lack of subject matter jurisdiction. *Fiedler v. Clark*, 714 F.2d 77, 78–79 (9th Cir. 1983). At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props.*

*Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1). In general, a plaintiff may establish subject matter jurisdiction in one of two ways: (1) federal question jurisdiction; or (2) diversity jurisdiction. For a federal court to exercise federal question jurisdiction, a civil action must arise under the constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Alternatively, for a federal court to exercise diversity jurisdiction, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Ultimately, the plaintiff bears the burden of establishing that subject matter jurisdiction exists. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted).

With respect to subject matter jurisdiction, Plaintiff's FAC generally asserts federal question jurisdiction based on alleged "violations of the 4th, 6th, 8th [and] 14th Amendments [to the United States Constitution;] [18] US Codes 2, 241, 242, 249[,] 1503, 1512, [and] 1519[;] 13 US Code 212[;] [and] Civil Rights Act of 1964[,] 42 US Code 1983."[2] [ECF No. 21 at PageID.58.] As discussed above, Plaintiff maintains that the FAC sufficiently alleges (1) joint action and/or inaction between Oceanit and the HPD" to sustain a 42 U.S.C. § 1983 claim against Oceanit CEO; and (2) that Oceanit CEO is also separately liable for the conduct of his employees, for violating Plaintiff's constitutional rights. [*See* ECF Nos. 67 and 68.]

As a preliminary matter, Section 1983 creates a cause of action against any person who, *while acting under color of state law*, causes another to be deprived of a federally protected constitutional right. 42 U.S.C. § 1983. Generally, private individuals do not act under the color of state law, and thus cannot be held liable for violations of Section 1983. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 783 (9th Cir. 2001). However, "[a] private individual may be liable under § 1983 if [they] conspired or entered joint action with a state actor." *Frankling v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (citing *Radcliffe*, 254 F.3d at 783), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). To prove a conspiracy between the police and a private individual under Section 1983, Plaintiff must show "an agreement or meeting of the minds to violate constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citations and internal quotation marks omitted). "To be liable,

---

[2] To the extent that Plaintiff's FAC may be liberally construed to also include claims for negligent and/or intentional infliction of emotional distress against Oceanit CEO, such claims would arise under Hawai'i law, and as such, would not alone sustain federal question subject matter jurisdiction.

each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Id.* at 1541 (citation omitted). "Evidence that police failed to exercise independent judgment will support an inference of conspiracy with a private party." *Id.* (citations omitted). However, "merely supplying information [to the state] alone does not amount to conspiracy or joint action." *Fed. Agency of News LLC v. Facebook, Inc.*, 395 F. Supp. 3d 1295, 1311–12 (N.D. Cal. 2019) (citations and internal quotation marks omitted). Because "private parties are not generally acting under color of state law . . . conclusory allegations, unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act." *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) (citation, internal quotation marks, and brackets omitted).

Here, it is undisputed that Oceanit CEO is a private individual. As such, Oceanit CEO may not be held liable for violations of Section 1983, *unless* Plaintiff shows that Oceanit CEO conspired and/or entered joint action with a state actor. *See Frankling*, 312 F.3d at 441 (citation omitted). Plaintiff's FAC provides conclusory and threadbare allegations of a purported conspiracy between Oceanit CEO and HPD. Rather, Plaintiff's FAC alleges only that during the subject 2018 incident, Plaintiff "called the police" and "one [police officer] arrived[,] [b]ut he conspired to aid and abet the theft by refusing to retrieve [Plaintiff's] birds," thereby "den[ying] [Plaintiff] equal protection under the law." [ECF No. 21 at PageID.60.] Even taking Plaintiff's factual allegations as true and construing his claims liberally, Plaintiff merely alleges inaction by HPD—not a factually supported conspiracy between Oceanit CEO and HPD. Further, even if Plaintiff was granted leave to amend his deficient Section 1983 claim(s) against Oceanit CEO, it remains speculative whether the deficiencies identified herein could be cured by the allegation of additional facts.

Moreover, even if this Court determined that it had subject matter jurisdiction over Plaintiff's Section 1983 claim(s) against Oceanit CEO *and* that leave to amend was warranted, Plaintiff's claim(s) against Oceanit CEO would still be subject to dismissal because they fall well outside of Hawaii's applicable two-year statute of limitations.

The statute of limitations period for Section 1983 claims is governed by State law. *See Owens v. Okure*, 488 U.S. 235, 240–41 (1989) (citation omitted). The statute of limitations applicable to Section 1983 actions in Hawai‘i is governed by Hawaii Revised Statutes ("HRS") § 657-7, the two-year "general personal injury" provision. *See* HRS § 657-7; *Allen v. Iranon,* 99 F. Supp. 2d 1216, 1238 (D. Haw.

1999) (citations omitted) ("In Hawaii, the statute of limitations for actions under Section 1983 is two years from the date of the violation.").

> Under certain circumstances. . . the doctrine of equitable tolling may excuse a failure to comply with the statute of limitations. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (applying equitable tolling to habeas petitions) (citing *Irwin v. Dep't. of Veterans Affairs*, 498 U.S. 89 (1990)); *see also Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir. 2006) ("Equitable tolling focuses on whether there was excusable delay by the plaintiff and may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim.") (citations, internal quotation [marks] and emphasis omitted).

*Ayala-Villanueva v. United States*, Civ. No. 12-00635 JMS-RLP, 2013 WL 12449787, at *2 (D. Haw. Mar. 29, 2013). Further, "[b]ecause it is inequitable to bar someone who has no idea he has been harmed from seeking redress, the statute of limitations has generally been tolled by the 'discovery rule.'" *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2002) (citation and internal quotation marks omitted). Under federal law, the delayed discovery rule provides that a claim does not accrue "until a plaintiff discovers, or reasonably could have discovered, his claim." *Id*. (citations omitted).

Here, despite Plaintiff's contentions otherwise, the delayed discovery rule does not toll the two-year limitations period on Plaintiff's Section 1983 claims against Oceanit CEO. The FAC establishes that Plaintiff was aware of his injury (*i.e.*, the alleged theft and eventual death of his pet birds) in 2018, when the alleged events occurred. [*See* ECF No. 21 at PageID.60.] Thus, the date of accrual of his Section 1983 cause of action was in 2018. With respect to Plaintiff's diligence in pursuing his rights, Plaintiff admits in his opposition that he did not "think of going to Oceanits' [sic] chief executive *until* [he] filed [his] complaint at the U S District Court. Which prevented earlier discovery of the security guard thief responsible and triggering delayed discovery and equitable tolling." (Emphasis added.) [*See* ECF No. 67 at PageID.218.] As evidenced by this lawsuit, Plaintiff *could have* pursued his claims earlier, regardless of whether he knew the exact identity of the

Oceanit security guard involved in the 2018 incident. For these reasons, the Court finds that Plaintiff's Section 1983 claims(s) against Oceanit CEO—raised for the first time in 2025—are barred by the applicable two-year statute of limitations, and neither the delayed discovery rule nor the doctrine of equitable tolling apply in this case.

For these reasons, Oceanit CEO's Motion to Dismiss [ECF No. 64] is hereby GRANTED. Accordingly, Plaintiff's FAC claims against Oceanit CEO are hereby dismissed with prejudice.

IT IS SO ORDERED.